## D. T. MURRAY and MARY MURRAY *versus* A. L. WEBSTER.

In trespass *quare clausum fregit*, the title of the defendant, or of the person under whom he entered, may be given in evidence under the general issue to show that the right of possession, which is necessary in trespass, is not in the plaintiff.

If one, who has a good cause of action, join, in trespass *quare clausum fregit*, with one who has no cause of action, the suit cannot be sustained.

THIS was an action of trespass for breaking and entering the house of the plaintiffs, in New-Chester, on the 28th September, 1828, and pulling down and demolishing the same.

At the trial of the cause here, at November term, 1830, upon the general issue, it appeared in evidence, that for a long time, and up to the day when the act, of which they complained, was done, the plaintiffs had been in possession of the house, mentioned in the declaration ; that at the superior court in this county, November term, 1826, E. Webster recovered judgment, in a writ of entry, against D. T. Murray, for the land, on which the house stood ; that a *pluries* writ of *habere facias possessionem*, issued upon that judgment, May 22, 1828, and was delivered to the defendant, who was a deputy sheriff, to be by him executed ; and that the defendant, at the

<div style="margin-left:2em"></div>

Murray, et a.
v.
Webster.

time of executing the writ aforesaid, by written direct-
ions from the said E. Webster, pulled down and demol-
ished the house, as alleged in the declaration.

On the part of the plaintiffs it was objected, that the
judgment, execution, and entry of the officer, were not
admissible in evidence under the general issue. But the
evidence was admitted, and a non-suit entered, subject to
the opinion of the court upon the foregoing case.

*Upham* and *Bell*, for the defendant.

*Woodbury* and *Parker*, for the plaintiffs.

Richardson, C. J. delivered the opinion of the court.

It is contended, that evidence, which was inadmissi-
ble upon the general issue, was received in this case.
What the defendant did in pulling down the house was
done, not as an officer, but as the servant of E. Webster,
after possession had been obtained under the execution.
And it is well settled, that in trespass to real property,
the title of the defendant, or the person under whom he
justifies, may be given in evidence, under the general is-
sue, to show that the right of possession, which is
necessary in trespass, is not in the plaintiff. 1 Chitty's
Pl. 492 ; 8 D. & E. 403, *Argent* v. *Durrant* ; 7 Ditto, 354,
*Dodd* v. *Kyffin* ; 2 Manning & Ryland, 226, *Johnson* v.
*Howson.*

The right of D. T. Murray to maintain the action was
completely disproved. E. Webster had recovered a
judgment against him for the land, and had obtained pos-
session.

If Mary Murray had any title to the land, as a tenant
in common, she may maintain trespass, *quare domum freg-
it,* for pulling down the house. Coke Litt. 200 ; 8 B.
& C. 257, *Cubitt* v. *Porter* ; 7 Cowen, 229.

But whatever cause of action, she may have had, it is
a fatal objection to a recovery in this case, that she has
joined in the action with another, who had no cause of
action. 1 Chitty's Pl. 54 ; 4 Pick. 234, *Grozier* v. *Atwood* ;
7 J. B. Moore, 29, *Steel* v. *Western.*

*Judgment on the nonsuit.*